(67 South. 539)

No. 20120.

TOMMIE v. LITTLE RIVER LUMBER CO.

(Feb. 8, 1915.)

*(Syllabus by the Court.)*

RAILROADS ⊜⇒276 — TRESPASSERS — DUTY OF COMPANY—SAFE EQUIPMENT.

A railroad company owes no duty to uninvited strangers to keep its locomotives in such condition that they may be safely jumped upon while in motion.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 878–886; Dec. Dig. ⊜⇒276.]

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Action by J. B. Tommie against the Little River Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

George Wear, Jr., and J. C. Harper, both of Jena, for appellant. Blackman, Overton & Dawkins, of Alexandria, for appellee.

LAND, J. Plaintiff sued the defendant for $25,500 damages for the loss of a foot, which was crushed in a cogwheel of a Shay locomotive operated on a tram railroad, alleged to belong to the defendant.

The petition alleges in substance: That plaintiff, on June 8, 1912, was working in the employ of the defendant as a cross-haul loader. That the defendant operated a train on said tramroad for the purpose of carrying employés to and from their work. That plaintiff, owing to the fact that he had a team to care for after the day's hauling was done and before the day's hauling commenced, rarely used said train, although authorized so to do by the officials of the defendant, and occasionally did so with their knowledge and consent. That on June 8, 1912, the plaintiff, having finished his day's work and cared for his team, was standing near the tramroad, when the defendant's log train came up on its way to Manistee, the site of defendant's sawmill. That the engineer in charge of the train, on seeing the plaintiff, slowed down to a very slow rate of speed, as was customary, to enable the plaintiff to board the train. That he reached up and took hold of the grabirons or handholds provided for use in boarding said Shay engine, and attempted to pull himself aboard, putting one foot on a step or foothold which was to be used in boarding said engine. This foothold had been so much used that it had become worn and smooth and was as slick as glass, which fact was known to the operatives and the officials of said company, but was unknown to petitioner. That, as plaintiff placed his foot on said hold, his foot slipped, owing to the slickness of the steps, and went into the exposed cogwheels of said engine, and was crushed and mangled.

The petition alleged that the defendant was guilty of gross negligence in operating said Shay engine without shields over the cogwheels, which had been removed by the servants of defendant—a fact unknown to the plaintiff, but well known to the officials

of the company and the crew operating said train.

For answer the defendant denied all of the allegations of the petition, and further specially denied that the plaintiff was in its employ on the date of the alleged accident or since, and that it owed to the plaintiff any duty whatever, and further denied that the plaintiff on said date was known to, or invited by, the respondent company to take passage upon any of its trains or locomotives, and continued as follows:

"Further answering, respondent shows that, only in the event the court should find any relationship of master and servant existing between plaintiff and respondent on the date of the alleged accident, then, if plaintiff was injured, his injury was the result of his disregard for his own safety, and want of care, and plaintiff contributed to his injury, which contributory negligence your respondent now specially pleads in bar of plaintiff's right of recovery."

The answer further averred that, if the plaintiff was injured through any fault of respondent, the danger was plain, obvious, open, and apparent, and ought to have been known and was in fact known to the plaintiff.

The case was tried before the district judge, who rendered judgment in favor of the defendant company. The plaintiff has appealed.

The evidence, both written and oral, in the record, proves beyond dispute that the plaintiff was employed by, and at the time of the accident was in the service of, Henry A. Morehead, an independent contractor for the getting out and delivery of logs f. o. b. cars on the tramway.

Plaintiff in his testimony stated that no one ever invited or told him to ride on the train, and that no one ever told him he could not. The evidence shows that the management instructed the engineer and fireman not to carry any other persons than those employed on the train. It is true that the engineer violated these orders, as in plaintiff's case, by slowing down his engine so that men could jump on the train. When plaintiff made his jump the engine was running three or four miles per hour. Had he looked he could have seen the exposed cogwheel and the danger of stepping or slipping upon it. Unfortunately, the plaintiff jumped without looking, and one of his feet was caught and crushed by the cogs.

The engineer testified that the fender over the cogwheel had been broken and removed by him; that the presence of a fender would not prevent a person from falling under the wheel; that the broken fender was straight and was not intended to be used as a step; that plaintiff had jumped on the train on several occasions, either on the left side of the engine, where there were no cogwheels, or on the right side of the footboard behind or in front of the engine. There were regular steps on the left side of the engine, and also on the coal or gondola cars.

Plaintiff, having failed to prove that he was the servant of the defendant, or that he was invited by the defendant to ride on its log train, occupies the position of a stranger to whom the company owed no duty to keep its engine in proper repair.

In a similar case this court correctly held, as stated in the syllabus, that:

"A company is not responsible for injuries received by a person who, holding no contractual relations with it, either as a passenger or an employé, and with no invitation from it, attempts to board one of its moving engines by steps leading up to the engineer's cab, even though the injury should have been due to the defective condition of the steps."

See Holmes v. Crowell & Spencer Lbr. Co., 51 La. Ann. 352, 25 South. 265. In that case the engineer permitted boys to ride on his engine, in violation of instructions. See, generally, 4 R. C. L. 1050, 1051.

Plaintiff having failed to prove negligence in the defendant, it is unnecessary to consider the question of the alleged insufficiency of the plea of contributory negligence.

Judgment affirmed.